The opinion of the court was "delivered by
Huston, J.
The law is now settled, that a judgment against a man who by articles has agreed to sell, but who has not made a deed, nor recovered the whole of the purchase money, is a lien on the vendor’s interest, and a purchaser under a sheriff, of such interest, will stand in the place of the vendor, be entitled to the money due from the purchaser, and bound to ipake a deed to the purchaser, according to the articles of agreements. Reed’s interest in this land was then bound by these judgments; and his deed, executed the 2Sth of January, 1817, but never delivered, did not alter the case.
Under these circumstances, Fasholt was justified in having a sale on the mortgage, for the purpose of obtaining a title clear of incumbrances; and, if it had become necessary by the delay and misconduct of Reed, ought to have been allowed the costs on the mortgage suit, and sale.
After a verdict claimed for the amount of the mortgage and costs, Fasholt claimed an abatement of interest. He proved that he had kept some money by him, as he said, to pay for his land; but he did not know how much he had kept, nor how long he had kept it. There was no proof of a tender by him, and demand of his deed at any time, and nothing said in the record of any money being brought into court. Generally, the person who wishes to stop interest must prove a legal tender, and plead it, and bring the money into court. This was an ejectment to compel the payment of the *268 purchase money, in which the plea of tender was not necessary; but it should have been proved, and the money brought into court.
It has been long settled in this state, that where lands are sold on articles of agreement, and the buyer enters into possession, and so continues undisturbed, he must pay interest; and the mere fact that his deed was not made at the time agreed on, does not stop the interest. There may be cases where he has been harassed or disturbed in the possession, where there has been wilful and vexatious delay, or gross or criminal laches in the vendor, in which it may be left to a jury whether he shall recover interest, and there may be such facts proved hereafter. But, from the evidence in this case, there was nothing on this subject proved which required the judge to leave the question of interest to the jury. But there was error in saying Fasholt was not entitled to the costs on the mortgage suit; and for this cause the judgment is reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.