## Riddlesberger *against* Mentzer.

The execution of the contract of a decedent for the sale of his real estate, by his administrator, after his death, by order of the court of common pleas, in pursuance of the provisions of the act of assembly, will not divest the widow's right of dower.

ERROR to the common pleas of *Franklin* county.

Elizabeth Mentzer against John Riddlesberger. Action of dower.

Daniel Mentzer, the husband of the plaintiff, was seised in his lifetime, and during coverture, of a tract of land, for the sale of which, on the 3d of July 1819, he entered into articles of agreement with Catherine Mentzer, at 90 dollars per acre, and received part of the purchase money and delivered the possession, but executed no deed. After his death in 1820, John Bittinger, his administrator, presented a petition to the court of common pleas for leave to prove the contract and execute it by a deed; the court decreed accordingly, and on the 8th of February 1821 the deed of conveyance was made to Catherine Mentzer, whose title, by several mesne conveyances, became vested in the defendant, John Riddlesberger. Daniel Mentzer's estate, real and personal, was insufficient for the payment of his debts. To August term 1837, Elizabeth Mentzer brought this action of dower; and the only question in the case was, whether her right of dower was divested by the proceeding to make title by the administrator, and by the fact of her husband's estate being insolvent?

The court below (Thompson, President) was of opinion that the plaintiff was entitled to recover, and rendered judgment for the demandant.

*Brady*, for plaintiff in error, cited, the act of 1792, *Purd. Dig.* 159. *J. Chambers*, contra, cited, 2 *Rawle* 222.

The opinion of the Court was delivered by

GIBSON, C. J.—The act of 1792 was passed to invest the personal representative, whom I shall call the administrator though he may be an executor, with the power and capacity of the vendor. The mischief was that his death, when bound to tender a conveyance before action brought for the purchase money, was a virtual dissolution of the contract; for the administrator could not compel the heir to convey, nor could he, *proprio vigore*, convey himself. In the removal of that impediment, the object was to enable willing parties, and to compel an unwilling one, to carry the contract into execu-

VII.—N

[Riddlesberger v. Mentzer.]

tion ; to effect which, the administrator was substituted for the vendor, with power to perform the necessary conditions, and with precisely such consequences to the interests involved, as would have attended the performance of it by the vendor himself. The contract being established, the parties stand at the execution of it as the vendor and vendee would have stood, and with the same reciprocity of recourse. If the articles require not an unincumbered title, the vendee cannot have it : he must content himself with the title subject to the widow's dower, for he could have called on the vendor for no more. If he has a right to a clear title, though unable to enforce it specifically, he is not bound to accept of less, but may resort to an action for damages. But if he be willing to accept of such a title as the administrator can give, he may, if it be withheld, retain his equitable title, paying or tendering the residue of the purchase money ; or rescind the contract by an action for the breach of it : and this he might do had he to deal with the vendor in person ; as has been determined at the present term, in Clark *v.* Seirer. On the other hand, if the administrator wish to recover the purchase money or avoid an action for damages, it behoves him, where the vendor was bound for a title, to procure, as best he may, the widow's relinquishment of her dower, else the contract will be at an end for every purpose but to charge him. It is not an objection to say there was no design to give him power over her will. For purposes of liability, he stands in the place of her husband, who, though unable to control it, was answerable in damages for the exercise of it ; and no more is claimed in regard to his representative. On the contrary, it is the supposed power to divest her estate without her concurrence, a thing her husband could not have done, that would subject her to his control. It never was intended that her husband's death before deed made, while removing the disabilities imposed on her by the coverture, should impair her conjugal freedom of action or deprive her of that dominion over her property which she was entitled to exercise in his lifetime. What is required here is, that the administrator's separate act have exactly the effect which would have had the separate act of the husband whom he represents ; and why should it have more ?

It is suggested that the dower may be wanted for the vendor's debts, to which, by our law, it is subject. If an argument could, in any case, be deduced from that consideration, it would be inadmissible here ; for there are no debts to be answered. But it is admissible nowhere. The property was not converted for payment of debts ; and if it were, the vendee, being a trustee only of the purchase money, would hold secure from disturbance by the creditors ; so that the question is necessarily betwixt him and the widow ; for it is he, and not the creditors, who would have the benefit of her dower. For the unpaid purchase money, the legitimate equivalent of the land, the creditors might have had their recourse to the vendor in his lifetime, and they may have it to his representative since his death ;

[Riddlesberger v. Mentzer.]

and where none remains unpaid, they are no worse in circumstances than if the title had been perfected by the vendor. While the land was a part of his estate, it was a chattel in respect of his debts, and his wife's initiate right of dower followed it in the properties imparted to it by his ownership of which it was an accessory ; but when it was equitably severed from his ownership by his covenant to convey, it ceased to be his chattel or a fund for his creditors ; and having become land exclusively, the dower in it ceased to be liable to his debts. Put the case that his legal title had been sold on a judgment posterior to the articles. The sheriff's vendee would have been put in the vendor's place, and, like him, have been bound to convey on receiving the purchase money. What would it benefit him or the seizing creditor to pass an unincumbered title, when the proceeds of the judgment would not be enhanced by it ? And what would it benefit the general creditors here, were the vendee to hold free of dower ? The fallacy which perplexes the judgment, is produced by contemplating the administrator's conveyance as a sale on his own terms, when it is in truth but the completion of a sale on the vendor's terms ; and by forgetting that these would produce no more to the creditors were the administrator authorised to pass the title expressly disincumbered, we imagine that something has been taken from them. What have they to do betwixt the wife and her husband's vendee ? Her right is superior to theirs ; or rather, they have no right at all. By the articles, the estate was converted into money to which they must exclusively look. If it come to the hands of the administrator, they will have the benefit of it ; if it has been paid to the vendor, they may have recourse to the property produced by it ; or if it has been wasted, they are in the predicament of all others who have improvident debtors—a predicament which gives them no right to prejudice one from whose loss they can derive no gain.

Judgment affirmed,