# Parker *against* Donaldson.*

In an action of *assumpsit* for goods sold and delivered, the plaintiff having read in evidence the deposition of a witness, it is competent for the defendant to read the testimony of the same witness taken upon a former trial of the cause and made part of the record by a bill of exception, not only to contradict the facts stated in the deposition, but to prove other facts material to the issue.

In the trial of a cause depending upon the facts in evidence, if the court in their charge to the jury review those only which have a tendency to establish one side of the case, it is calculated to mislead the jury, and is error for which the judgment will be reversed.

ERROR to the Special Court of Common Pleas of *Columbia* county.

Samuel Parker against William Donaldson. This was an action of *assumpsit* to recover the price of goods sold and delivered, the facts of which are fully stated in the former report of the case. 2 *Watts & Serg.* 9. Those which gave rise to points now ruled are sufficiently stated in the opinion of the court and the following bill of exceptions :

Upon a former trial of the cause the deposition of William C. Edwards had been taken by the plaintiff, but the witness being in court, his testimony was taken. This testimony was made the subject of a bill of exceptions : and upon a writ of error the judgment was reversed and a *venire de novo* awarded. On the present trial the witness was not present and the deposition was read by the plaintiff. The defendant offered to read from the record of the former trial the testimony of William C. Edwards ; to contradict his deposition ; to prove that at the time of the purchase of the goods Edwards & Verree were indebted to the plaintiff ; that the goods in question were purchased of them and not of the plaintiff ; and many other specified facts. The plaintiff did not object to it or any part of it which contradicted the witness's deposition, but objected to it on all the other grounds. The court overruled the objections and permitted the testimony to be read.

*Greenough,* for the plaintiff in error.
*Comly* and *Cooper,* contra.

The opinion of the Court was delivered by
HUSTON, J. — This case was before this Court formerly, and is reported in 2 *Watts & Serg.* 9, in which case the testimony of William C. Edwards is copied verbatim, and the testimony on this

---

* This case was argued at July term 1843.

[Parker v. Donaldson.]

trial was read from the record of the testimony in that case, because the attendance of the witnesses could not be procured or was dispensed with by consent; and for this testimony and that of H. Smith, J. B. Kay, and Christian Dull, I refer to that report. James Verree was examined in this trial, and his testimony varied from that reported in being a little more full and precise than at the former trial. He states that Parker sent a bill of goods to their house, and that it read; " William Donaldson to Samuel Parker ;" and then followed the bill of goods.; " Edwards requested me to charge this to ' William Donaldson, Dr to Edwards & Verree.' I don't think Donaldson was in at the time this was done. Don't think anything was said about the reason for changing." The witness had been absent in the southwest a long time, and had returned a few days before. He says: " I don't know what conversation passed between Parker and Edwards. As far as I was concerned, I did not purchase those goods of Parker. The account of sales was made out to Mr Parker, and showed that bill and several others sold for Mr Parker's account. I believed, from all the circumstances at the time, that they were Parker's goods." He then said : " I never charged Donaldson with those goods. I don't remember that our firm bought any goods after my return from southwest, about 21st or 22d April." Another matter not stated in the report is: " I don't think our store was completely empty when Donaldson was in our store. I don't think we had any sugars of our own; there was some of Mr Levering's ; there might have been some teas. There was some coffee of very inferior quality, kegs, spices. All that was in our store was ours, and Mr Levering's not worth over $500 or $1000."

I shall not state all the proof about former sales to Donaldson by Edwards & Verree, and their having got some of the goods from Parker; their taking Donaldson's notes for those goods, and immediately transferring them to Parker in payment for those goods got from him; nor all that was said about Donaldson having lent his notes to Edwards & Verree and having been compelled to pay them; for though this might show why Donaldson might be desirous to get payment in goods or anything else from them when he found them failing, yet this cause must depend, not on what was his wish, nor on what was the wish of Edwards or Verree, but on what took place and was agreed on as to these goods ; not on former dealings, but on the facts and agreements in this transaction.

As to the bills of exceptions, I cannot say there was clearly error ; for although some of the testimony had but a remote bearing on the matter trying, yet in an action of *assumpsit*, where the evidence is doubtful, almost anything which may probably throw light on the matter, is usually, and in general properly admitted ; and if not pertinent—if after the whole has been heard it is found not to bear on the real point in issue—it is proper for the Judge

to tell the jury so. This is sometimes done, and sometimes the Judge in charging the jury omits to mention it; and if not asked to mention it, this omission may have been intended by the Judge to show it was considered by him irrelevant; and the omission to mention or allude to it is not error, unless, as said, he had been asked to charge the jury as to the effect of it. Edwards had given a deposition, as I understand the case, before the last trial, but as he attended at that trial it was not read. He was then called by the plaintiff and cross-examined by the defendant at great length. When this trial came on the plaintiff read his deposition, and as his examination was made by bill of exceptions a part of the record, the cause having been sent back on a *venire de novo*, the defendant offered to read from the record the whole of what he swore in court. Under such circumstances it was not error to receive it. The effect of the whole, together with other testimony, was to decide, in a great measure, what would be the law of this case, for the law depends on the facts, on the agreement of the parties, and what was done in pursuance of those agreements.

As I have stated that in some cases it is not easy or not possible to know what bearing facts or circumstances may have on the matter trying, until the whole evidence has been given and the points of law stated and considered, it may be proper to insist that some of the matters given in evidence ought to be thrown out of view by the jury, and the Judge may, and sometimes ought to give his opinion as to such matters, but not in terms too peremptory, for the jury have the right to judge of the truth of testimony and credibility of witnesses, and also to draw inferences from facts and circumstances proved in the case. This is proved by the law on demurrer to evidence, on which the party demurring may be called on to admit not only the truth of the testimony given, but all fair inferences which a jury might draw from those facts.

After the testimony was closed, the counsel of the plaintiff proposed certain points to the court; the answers given have been pressed here as errors.

1. The defendant, William Donaldson, having proved by William C. Edwards and James Verree that the said Edwards & Verree were not in possession of the goods in question nor intrusted with them at the time of sale, and having proved also that Edwards told him explicitly that they " had not the articles," that " the goods did not belong to them," but that " they could get them for him and make a commission by furnishing them to him, and the only advantage to them would be the commission on the sale to him," and having received the goods, is bound to pay Samuel Parker, the owner, whether Edwards & Verree were indebted to him or not at the time on an unsettled account.

In assigning error on the answer the counsel have insisted that the Judge did not answer the point proposed and that he drew the attention of the jury to another and different point. The

[Parker v. Donaldson.]

answer of the court was : "In this point it is stated that defendant has proved certain facts by Edwards. It is but just to bear in mind that the plaintiff introduced the deposition of this witness in the first place, and that the defendant, for the purpose of contradicting that witness, as well as for other purposes, gave in evidence his testimony taken on the former trial, when he was called as a witness by the plaintiff. It is also stated not hypothetically and open for decision for the jury, but as 'proved,' that Edwards & Verree were not in possession of the goods in question, nor intrusted with them at the time of sale. The court cannot assume this as established, so as to preclude the jury from passing upon it. There is evidence on that part of the case proper for the consideration of the jury. One witness (Kay) has a faint recollection that he saw Donaldson in the door of Parker's store about the time the goods were bought. The other witness does not think that Donaldson did go with him to Parker's on that occasion."

The above is particularly objected to. The point proposed required the Judge to state the law as to what effect Edwards & Verree having possession of the goods or not having possession of the goods, but stating they would or could get them from Parker or Levering or some of their neighbours, and make commission by furnishing them to Donaldson, would have on defendant's right of set-off as offered in this case. It is true, the plaintiff's counsel might more correctly have stated it thus : "If the jury believe from the testimony of Edwards & Verree that they had not the possession of the goods, and told Donaldson so, and that he said this in their store," &c. But the point put was distinctly on the effect of their being in possession of the goods or not on the case. That this will have an effect on the right of set-off by the purchaser, when sued by the owner of the goods, is well settled. The law is well settled in *Smith on Mercantile Law*, 74, 75, (17 *Law Lib.* 45, 46). "When a factor, dealing for a principal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him to all intents and purposes the principal; and though the real principal may appear and bring an action on that contract against the purchaser of the goods, yet that purchaser may set-off any claim he may have against the factor in answer to the demand of the principal. 7 *Term Rep.* 359, 361; 4 *B. & C.* 551; 3 *B. & Ad.* 334. This rule is to prevent the hardship under which a purchaser would labour, if, after having been induced by peculiar considerations, such, for instance, as the consciousness of possessing a set-off, to deal with one man, he could be turned over and made liable to another, to whom those considerations would not apply, and with whom he would not willingly have contracted. But if at any time in the course of the transaction he have means of knowing that the person with he deals is not a principal, the above reason does not apply, and then *cessante ratione, cessat ipsa lex.* 7 *T. R.* 361;

1 *East* 335. Thus though if a factor sell goods in his own name the buyer may avail himself of the right of set-off against the factor; yet if a broker do so, the rule will, except under extraordinary circumstances, be different; for a factor who has the possession of goods, differs materially from a broker : the factor is a person to whom goods are consigned, and when he sells in his own name, it is within the scope of his authority, and it is right, therefore, that his principal should be bound by the consequences of such sale, one of which is the right of setting off a debt due from the factor. But the case of a broker is different; he has not the possession of the goods, and so the vendee cannot be deceived by that circumstance; and besides, the employing a person to sell goods as a broker does not authorize him to sell in his own name. If it be said the broker can by this means deceive innocent persons, the answer is decisive, that cannot be unless the principal deliver him the possession of the goods, which is evidence of ownership." 2 *B. & Ald.* 137.

The defendants endeavoured to get clear of this by saying the goods were in possession of Edwards & Verree when delivered to their drayman; but it was proved in this cause that the drayman hauled for others as well as them. The goods were marked, "William Donaldson, Danville, Pennsylvania," and a bill delivered, "William Donaldson, Dr to Samuel Parker." The point put was the effect of Edwards & Verree selling Donaldson's goods not in their possession, which they told him they had not, but could get from Parker or Levering or some other person, and would only make a commission from the owners. The Judge might have put it to the jury to say whether they believed the testimony of Edwards & Verree, but ought to have stated the effect of their evidence if believed. The counsel asked for such opinion, and it was error not to give it. The Judge then proceeded in his answer to this. He says : " The plaintiff has selected a number of detached sentences as proved, or parts of sentences, from the testimony of Edwards, without taking into consideration other portions of the same witness's testimony tending to favour the opposite view of the case ; and he then proceeds to select parts of sentences, and a great many of them tending to favour what he calls an opposite view of the case; and concludes by saying these circumstances are not brought into view to influence the jury in their decision upon the facts, but are merely stated as the reasons of the court for refusing to take the cause from the jury, as requested." It does not appear that there was any intention to ask the court to take the cause from the jury, for there were three other points on which the opinion of the court was asked, and each put hypothetically. It is no doubt improper in counsel to ask the court to decide the cause on two or three detached parts of sentences, when there is other and contradictory evidence on that point; but was there any evidence that Edwards & Verree were in posses-

[Parker v. Donaldson.]

sion of the goods when Donaldson came to purchase, or were ever in possession of them, as owners ? But if it is not proper for counsel to propose their points in this way, it is still more improper in the court to select sentences or parts of sentences tending to a different conclusion. The court may and ought to state that the cause or a point in the cause does not depend on the testimony of any one witness, but on that of all the witnesses; and if the court proceeds to state the testimony of the witnesses, it ought all to be stated, in substance at least; and it has been decided by this court to be improper to state all on one side and none on the other. *Nieman* v. *Ward*, (1 *Watts & Serg.* 82). .

The second point is, in substance, the same, and the answers are to an extent correct. If the effect of Edwards & Verree not having possession had been stated, and if the court had stated that the only evidence of what passed between Donaldson and Edwards & Verree was to be found in their testimony, the answer would not have been objectionable.

The third point is; " If Edwards represented himself to be Donaldson's agent and thereby induced Parker to sell the goods to Donaldson on Donaldson's credit only, Parker, under the circumstances of this case as proved by the defendant, has a right to recover against Donaldson, whether Edwards disclosed to Donaldson the manner in which the goods were obtained or not, or whether he falsely represented to Donaldson that they were obtained on the credit of Edwards & Verree or not." The answer is: " This puts the question referred to but not decided in the opinion of the Supreme Court, 2 *Watts & Serg.* 21. It is understood to be assumed in this point that both plaintiff and defendant were deceived by Edwards & Verree; that they deceived Parker by falsely pretending to be the agents of Donaldson, and thereby obtained the goods; that they deceived Donaldson by falsely pretending they had bought the goods on their own credit from Parker, and thereby induced Donaldson to purchase them of them. If these are believed by the jury to be the facts of the case, then there is no contract between Parker and Donaldson — and the plaintiff cannot recover in this action, which is founded on an alleged contract. It is impossible to raise a contract between the plaintiff and defendant founded on the transaction with Edwards & Verree, if they were agents of neither party. A contract requires the assent of at least two minds; and if Donaldson never made any contract either with the plaintiff or his agents or factors, the plaintiff cannot sustain this action; he must in that case seek redress in some other form of action."

I suspect, neither the counsel nor the court expressed very clearly their meaning. In the point put, the words " Parker, under the circumstances of this case as proved by the defendant," must mean, " under the testimony given in this cause." Now, as I have said at the commencement of this business, the only testi-

[Parker v. Donaldson.]

mony given is that Donaldson, in the store of Edwards and Verree, saw they had not the goods he wanted; that they told him they had not the articles he wanted, but they could get them from Parker, Levering or some other; and on this he gave a list of the goods he wanted and the prices he was willing to give, and Edwards & Verree went to Parker and got the goods.    It is not easy to say Donaldson did not employ Edwards to get the goods.    I have cited an authority to show that if the vendor was not in possession of the goods, it was notice that he was acting for another, and the vendee could not receive those goods and when sued set-off an old claim against the agent.    Judge ROGERS, when this cause was here before, said: "But when the purchaser at the time of the contract knew that the seller was not the owner of the goods, but a factor, the right of set-off against the factor does not exist, whether the suit be brought in the name of the principal or by the factor in his own name.    Nay more, when before all the goods are delivered, and before any part of them is paid for, the purchaser is informed they belong to a third person, he cannot set-off a debt due from the factor."    2 *Watts & Serg.* 21.

Now here, from the testimony, and the only testimony, Donaldson was told and saw that Edwards & Verree had not the goods, but said they would get them and a commission from the owner; this before he gave his bill for the articles.    But after the goods were packed and marked and a bill of them given to the agent, charging Donaldson debtor to Parker, this was suppressed by Edwards & Verree and a new bill made and delivered as charging him as debtor to Edwards & Verree.    Will this improper act of men he had employed to buy goods discharge him from paying the owner?    The difficulty of a seller and buyer and no contract does not arise unless the jury can disregard the testimony of Edwards & Verree totally as to all that occurred between them and Donaldson previous to their going to Parker.    If anything sworn to by them is believed, Donaldson did employ them or at least agree that they should go out to buy goods for him.    If he did so, and he got the goods, which is admitted, he ought to pay for them, though they after deceived or attempted to deceive him — or attempted by changing the bill of the goods to injure Parker and benefit their employer by enabling him to produce some evidence that he bought the goods from them and not from Parker.

Something was said on the argument about the nature and duties of a broker as understood in London; and it seemed to be assumed that the law in the books referred to was applicable to such a person so designated there, and to no other: but it is immaterial by what name he is designated, whether factor, commission-merchant or broker, if he had not the possession of the goods wanted by a purchaser, but says he can get them and will make a commission from the seller.    If the jury believe this is notice to the buyer the man he is talking with is not the owner, and the pur-

[Parker v. Donaldson.]

chaser gives a list of such articles as he wants, which are procured and given to the purchaser, such purchaser cannot set-off an account against the man he employed or intrusted, so as to defeat the principal who furnished the goods, when he sues the buyer.

Judgment reversed, and a *venire facias de novo* awarded.