## Hess v. Vinton Colliery Company, Appellant.

*Real property—Water rights—Trespass—Statement of claim—Amendments—Trials—Evidence—Original statement as evidence—Witnesses—Credibility—Testimony at former trial—Admissions—Proof of stenographer's notes—Waiver—Practice, C. P.*

1. When a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold.

2. In an action brought by two plaintiffs for injuries to a mill caused by the deposit of the refuse of a colliery in a stream from January, 1906, until the date of suit in 1911, an amendment to the statement which named one individual only as the plaintiff, and which averred that he had purchased the property in April, 1909, under an agreement with the other party named as plain-

tiff in the original statement, and that the trespasses complained of had begun in April, 1909, and continued until the time of bringing the suit, was properly allowed, although no conveyance of the legal title to the plaintiff was averred.

3. At the trial of such case it was competent for the defendant to offer in evidence the plaintiff's original statement for the purpose of showing that the acts complained of, were in part committed before the time when plaintiff acquired title, so that for such injuries the plaintiff would have no right of action.

4. In such case it was error for the trial judge to refuse to admit in evidence the testimony of plaintiff at a former hearing to the effect that he had told the party named as plaintiff in the original statement, that he would throw down the agreement of sale as the property was depreciating; that the agreement of sale was to be annulled, and that after that date the management between them was a partnership, as such evidence tended to affect plaintiff's rights to recover in his individual capacity; but where it appeared that on cross-examination plaintiff testified to the same facts, so that the knowledge of the plaintiff's testimony at the former hearing was brought home to the jury, the error was cured and was harmless.

5. In such case such testimony might have been excluded because the stenographer's notes at the former hearing were not proven, but the fact that no such objection was made at the trial was a waiver of any defects in the method of proof.

6. Evidence of what a witness swore to in a former proceeding. even though between different parties is always admissible to contradict his present testimony and impeach his credibility.    In such case his prior testimony is not considered as conclusively establishing the fact, but as the declaration or admission of the witness that it is so.

7. In such case it was error to exclude defendant's offer of the testimony of the other party plaintiff named in the original statement, given at a prior hearing, to the effect that the plaintiff gave up the mill a year after he went into possession and thereafter had run it on shares, and that for the four years preceding the trial the plaintiff had been running the mill for the witness, as such testimony tended to contradict the statements of the witness made at the trial.

Argued April 27, 1916.    Appeal, No. 74, Oct. T., 1915, by defendant, from judgment of C. P. Indiana Co., Dec. T., 1911; No. 254, on verdict for plaintiff, in case of S. W. Hess v. Vinton Colliery Company.    Before BROWN, C. J.,

MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.
Reversed.

Trespass to recover damages for injury to a water
power and mill property.  Before TELFORD, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $2,656.25 and judgment there-
on.  Defendant appealed.

*Errors assigned* were in permitting plaintiff to amend
his statement of claim and rulings on evidence referred
to in the opinion of the Supreme Court.

*J. C. Davies,* with him *John A. Scott* and *Cunningham
and Fisher,* for appellant.—The amendment should not
have been allowed, as the cause of action was changed:
Adams v. McKesson's Executrix, 53 Pa. 81; Steel v.
Frick, 56 Pa. 172; McKeeby v. Webster, 170 Pa. 624;
Acklin v. McCalmont Oil Co., 201 Pa. 257; Garman v.
Glass, 197 Pa. 101; Joynes, to use, v. Penna. R. R. Co.,
234 Pa. 321; Commonwealth, to use, v. A. B. Baxter Co.,
Inc., 235 Pa. 179; Wildermuth v. Long, 196 Pa. 541;
Royse v. May, 93 Pa. 454.

The defendant should have been permitted to offer
in evidence plaintiff's original statement of claim for the
purpose of showing admissions made by plaintiff as to
the ownership of the property at the time when most of
the trespasses complained of were committed: Numbers
v. Shelly, 78 Pa. 426; Bowen v. De Lattre, 6 Wharton,
430; Stewart v. Gleason, 23 Pa. Superior Ct. 325; Truby
v. Seybert, 12 Pa. 101; Moloney v. Davis, 48 Pa. 512;
Kiern v. Ainsworth, 95 Pa. 310; Reineman v. Blair, 96
Pa. 155; Forcey's App., 106 Pa. 508; Commonwealth v.
Monongahela Bridge Co., 216 Pa. 108; Sprague v. Reilly,
34 Pa. Superior Ct. 332; Lindsay v. Dutton, 227 Pa. 208.

The testimony of plaintiff at the former hearing should
have been admitted: Commonwealth v. Stern, 58 Pa.
Superior Ct. 591.

The testimony of Mr. Brendlinger given at a former hearing should have been admitted for the purpose of contradiction: Stevenson v. Ebervale Coal Co., et al., 201 Pa. 112; Limbert v. Jones, 136 Pa. 31; Gibblehouse, et al., v. Strong, 3 Rawle 436; Pittsburgh v. Pittsburgh Rys. Co., 234 Pa. 223; American Bank v. Felder, 59 Pa. Superior Ct. 166; Commonwealth v. Stern, 58 Pa. Superior Ct. 591.

*J. N. Banks*, with him *William Davis* and *S. M. Jack*, for appellee.—No change in the subject-matter of the suit was effected by the allowance of the amendment: Rangler v. Hummell, 37 Pa. 130; Hite v. Kier, 38 Pa. 72; Wilson v. Mechanics Savings Bank, 45 Pa. 488; Cochran v. Arnold, 58 Pa. 399; Meason v. Kaine, 67 Pa. 126; Beringer v. Meanor's Admr., 85 Pa. 223; Booth v. Dorsey, 202 Pa. 381; Csizik v. Verhovay Sick Benefit Assn., 60 Pa. Superior Ct. 466.

The refusal of the court to allow the defendant to offer in evidence the original statement of claim was not error, as the statement was no longer a part of the record: Moore v. Everitt, 20 Pa. Superior Ct. 13.

The testimony of S. W. Hess taken at a former hearing was inadmissible as there was no offer to prove the testimony: Wright v. Cumpsty, 41 Pa. 102; Pier v. Duff, 63 Pa. 59; Smith v. Hine, 179 Pa. 203; Edwards v. Gimbel, 202 Pa. 30.

There was no offer to prove the testimony of Mr. Brendlinger and therefore it was not admissible in evidence: Smith v. Hine, 179 Pa. 203; Edwards v. Gimbel, 202 Pa. 30.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This was an action of trespass brought by D. W. Brendlinger and S. W. Hess against the Vinton Colliery Company, to recover damages for injury to a water power and mill property, alleged to have resulted from the deposit by defendant of refuse matter and foreign substances in

a stream. In the original statement of claim filed, it was averred that D. W. Brendlinger, one of the plaintiffs, was the owner of a water power grist mill, with a mill dam and race, and some eighteen acres of ground, twelve of which were covered with water, situated on Blacklick creek in East Wheatfield Township, Indiana County, to which he had acquired title in 1880 and 1903; that in 1909 he had conveyed the same by article of agreement to S. W. Hess, the other plaintiff. Then follows an unintelligible statement that both plaintiffs continued to be owners of the property until the time of bringing suit, which was November 22, 1911. The statement continues with the averments, that, prior to January 1, 1906, the water power of the mill was of sufficient capacity at all seasons of the year to run the mill machinery constantly to its fullest capacity, and the natural channel of the creek above the mill was well defined, and clear of sand, mud, alluvial deposits, sediment, &c., giving free and unobstructed passage of clean water to all parts of the mill; that such condition would have continued had it not been for the trespasses complained of; that defendant owned and operated a colliery and coal washer, on the banks of Blacklick creek in Cambria County, about six and a half miles above plaintiffs' mill; that defendant and its servants had negligently dumped into the waters of the creek large quantities of coal dust, slate, sediment and other dirt from its colliery and washer, as well as placing therein large quantities of sulphur, and had permitted the same to be washed from its premises into the stream; that the coal dust, sediment and sulphur had been carried by the current down the creek into plaintiffs' mill dam and race and deposited there, destroying plaintiffs' water power, and diminishing and destroying the value of the mill property, and also injuring, corroding and destroying the machinery of the mill; that these trespasses had continued from January and February, 1906, down to the date of suit in 1911; that the running capacity of the

mill had been diminished thereby and its value depreciated.

When the case was called for trial, plaintiffs moved to amend the pleadings by withdrawing their statement, and substituting therefor another, in which S. W. Hess was named as sole plaintiff. The amendment was allowed. It was identical with the original statement, except the averment that S. W. Hess was sole plaintiff, and it was also alleged that, by article of agreement with D. W. Brendlinger and wife, a copy of which was made part of the statement, he had "acquired a right to and in" the mill property and had been in possession of the same since April 1, 1909, and that the trespasses complained of had begun in April, 1909, and continued until the time of bringing suit. The trial resulted in a verdict for the plaintiff, and, from the judgment entered thereon, defendant has appealed.

The first assignment of error is to the allowance of the motion to file an amended statement. If the averment in that statement is true, that plaintiff had acquired title to the real estate therein described by an article of agreement with the former owners, and had entered into possession on April 1, 1909, and had continued therein up to the time of bringing this action, he is entitled to maintain this suit. In Richter. v. Selin, 8 S. & R. 425, Mr. Justice DUNCAN said (p. 440) : "When a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor for the purchase-money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance, and he will be entitled to any benefit which may accrue to it in the interval, because by the contract he is the owner of the premises to every intent and purpose in equity." The above language was repeated by Justice ROGERS in Robb, Admr., v. Mann, 11 Pa. 300, 304. To the same effect are Ives v. Cress, 5 Pa. 118, 121; Siter, James

& Co.'s App., 26 Pa. 178, 180, and Crawford's Est., 221 Pa. 131, 134. In Demmy's App., 43 Pa. 155, Mr. Justice Strong said (p. 167): "In ordinary sales by articles of agreement the purchaser is entitled to accretions, and must sustain any loss caused by accidental injuries to the property between the time of the agreement for the purchase and the execution of the deed. This appears to be well settled. Equity regards that as done which has been agreed to be done, and which the parties to the agreement have in their power to do." In the present case if the plaintiff was in possession by virtue of an agreement to purchase, he was properly regarded as the equitable owner of the freehold and as such entitled to recover damages for any injury to the property during his term of ownership. Counsel for defendant objected to the allowance of the amended statement, on the ground that it was inconsistent with the testimony of Hess and Brendlinger already offered, to the effect that Hess was not the owner of the land for any part of the time covered by the original statement. This would not, however, justify the refusal of the amendment. Proof of the facts averred therein was another matter, to be dealt with later. The suggestion that the amendment introduced a new cause of action is not well founded. In the original statement, plaintiffs claimed to recover damages for trespasses committed during a period extending from January, 1906, to November, 1911. In the amended statement the claim is based on trespasses alleged to have been committed "in the months of April and May, 1909, and at divers days and times between said months and the beginning of this suit." The trespasses set forth in the amended statement are included in the original one, though no claim is made for those which occurred prior to April 1, 1909. No new cause of action appears, although a part of that formerly declared upon is omitted. Nothing was added, under which the damages were to be increased, nor was there any change in the standard by

which they were to be measured. There was no substitution of parties, but merely the omission of one plaintiff.

The second assignment is to the action of the trial judge in sustaining objection to defendant's offer to put in evidence plaintiff's original statement of claim. We think the statement was competent evidence, and that it should have been admitted. The present plaintiff was a party to the suit as originally brought, and the statement was signed and filed by counsel on his behalf and became part of the record. It contained an averment that during the years 1906, 1907 and 1908 large quantities of sediment, sulphur, &c., had been deposited in plaintiffs' dam and mill race, and had damaged the mill and machinery. By the amended statement claim was made only for damages suffered after April 1, 1909. It was competent for defendant to show by the admissions contained in the original statement filed on plaintiff's behalf, that the trespasses, of which complaint was made, had been occurring during a period of three years before plaintiff acquired his interest in the mill property, and that a large part of the deposits had been made before he agreed to purchase or went into possession. Plaintiff went to trial in the first place on this statement, and testified in support of the claim therein set forth. It appears from the evidence that he afterwards testified that in 1909 the dam was free from all deposits or obstructions, and that he first found obstructions there in July, 1910. The original statement was competent evidence to show admissions by the plaintiff that there were obstructions in the dam prior to 1909. For the injuries resulting therefrom, plaintiff would have no right of action. The admissions in the original statement were, therefore, of importance to defendant. In Truby v. Seybert, 12 Pa. 101, it was said (p. 103), citing from Greenleaf on Evidence: "A record......is admissible against one of the parties ......as containing a solemn admission or judicial declaration by such parties in regard to any particular fact. But in these instances, it is received, not as an adjudi-

cation conclusively establishing the fact, but as the declaration or admission of the party himself, that the fact is so." It was held that this rule applied even in a subsequent suit between such party and a stranger to the first suit. In the same case it was also said (p. 104), citing from the same textbook, that "the concessions of attorneys of record bind their clients in all matters relating to the trial and progress of the cause." In Winter & Hartman v. Walter, 37 Pa. 155, Mr. Justice STRONG said (p. 160) : "Records may be received in evidence in favor of a stranger to them against one of the parties as containing a solemn admission of a fact." The pleadings in prior causes are to be treated as admissions by the parties, and as such are available in later cases : 2 Wigmore on Evidence, Sec. 1066.

In the third assignment, complaint is made that the trial judge refused to admit in evidence the testimony of plaintiff at a former hearing. Plaintiff had then testified that in November, 1909, he had told Brendlinger that he would throw down the agreement of sale as the property was depreciating; that the agreement of sale was to be annulled, and that after that date the management between them was a partnership. If this was true, it would have affected plaintiff's right to recover in his individual capacity. Plaintiff admitted, however, on cross-examination that he had in the main testified as stated above, so that in this way the defendant brought to the jury knowledge of the former testimony of plaintiff, and while the notes of testimony should have been admitted, yet the error was probably harmless. Counsel for appellee suggest that the testimony was properly excluded, because the stenographer's notes were not proven. But the objection was not made on this ground and any defect in the method of proof must be considered as waived.

The fourth assignment is to the action of the trial judge in sustaining plaintiff's objection to defendant's offer of certain testimony of D. W. Brendlinger, one of the original plaintiffs, given at a former hearing. It appears

from the evidence at the first hearing that Brendlinger testified expressly that Hess gave up the mill a year after he went into possession, and that thereafter they had run it on shares, and that for the four years preceding the trial Hess had been running the mill for witness. This testimony was admissible for the purpose of contradiction. No objection was made on the ground that it was not properly proved. Objection was made "that the plaintiff cannot call a witness and inquire of him about what he testified to in another case, simply for the purpose of contradiction." But the record shows that against objection Brendlinger was called as if on cross-examination, and the action of the judge in permitting him to be called in that way was not assigned as error. The rule established by our cases upon this question is properly set forth in Henry on Pennsylvania Trial Evidence, Sec. 308, where it is said: "Evidence of what a witness swore to in a former proceeding, even though between different parties, is always admissible to contradict his present testimony and impeach his credibility. In such case his prior testimony is not considered as conclusively establishing the fact, but as the declaration or admission of the witness that it is so." Citing Cowden v. Reynolds, 12 S. & R. 281; Parker v. Donaldson, 6 W. & S. 132; Harden v. Hays, 9 Pa. 151; Becker v. Philadelphia, 217 Pa. 344.

Without taking up in detail the other assignments of error, it is sufficient to say that we find in them nothing of substantial merit. But, as already indicated, the second and fourth assignments are sustained, and the judgment is reversed, with a venire facias de novo.