### SCARANO v. CENTRAL R. CO. OF NEW JERSEY.

#### Civ. A. No. 13906.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1952.

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Henry R. Heebner, Philadelphia, Pa., for defendant.

CLARY, District Judge.

Joseph Scarano, a station service operator employed by The Central Railroad Company of New Jersey at its Jersey City yards in the servicing of diesel locomotives, was injured on February 11, 1949. Claiming that his injuries were the result of his employer's negligence and, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., on April 26, 1949 he commenced Civil Action No. 9623 in this Court. His complaint averred and his proof at trial of the action, held on October 2, 3, and 4 of 1950, was to the effect that he was totally and permanently disabled. The jury on October 4, 1950 returned a verdict in his favor in the sum of $35,000. While motions for new trial and for judgment in defendant's favor were pending, plaintiff on November 27, 1950 stipulated that the judgment might be reduced to $27,750 and, as reduced, the judgment was paid and satisfied of record. Within thirty days thereafter, on December 24, 1950, and once again on January 2, 1951, he requested reinstatement in his position with the Railroad Company stating he had fully recovered and could resume his regular occupation. The Company refused to put him back to work basing its refusal upon the record of the aforementioned action. On July 7, 1952, plaintiff instituted the present action charging defendant with breach of a certain collective bargaining agreement between the Railroad and the International Brotherhood, of which he was a member, which contract provided that an employee injured in line of duty should be reinstated upon recovery with full seniority rights. In this action plaintiff claims he has been wrongfully deprived of the opportunity to earn wages to date. Without answering, defendant filed a motion for summary judgment based upon the record of Civil Action No. 9623. That motion is now before me for disposition.

The facts in the instant case are practically on all fours with the facts in the case of Buberl v. Southern Pacific Company, D. C. of Cal., 1950, 94 F. Supp. 11. In that case, Buberl had been seriously injured having sustained, as did the plaintiff in this case, a back injury. At the trial, Buberl's medical experts testified that in their opinion, without a fusion operation, he would be unable for several years, or perhaps ever, to resume the strenuous duties of an engine foreman. The jury returned a verdict in his favor and assessed damages at $26,750. Less than five months thereafter, Buberl, without having an operation, asked reinstatement on the ground that he was able to resume his duties. The company refused to reinstate him and he sued for damages for breach of contract, as plaintiff has done in this case. The Court there granted a summary judgment stating that no factual issue prohibited a summary judgment. Buberl's physical condition at the time he sought reinstatement (which might have posed a factual question) was held by the Court to be immaterial since the jury's award was based substantially on future loss of earning capacity.

A reading of the record in Civil Action No. 9623 can leave no doubt in the mind of any reasonable person that the jury's verdict was based substantially on future loss of earning capacity. The medical expert of the plaintiff, an orthopedic surgeon of some thirty-nine years' experience, testified that in his opinion Scarano was permanently and totally disabled and would never be able to do any type of work that would be required from a railroad worker. When the amount of the verdict, $35,000, or even the amount as reduced, $27,750, is considered in light of plaintiff's yearly earning capacity, which was slightly in excess of $3,000, it is abundantly clear that the Railroad Company by its payment has compensated the plaintiff substantially for a permanent or protracted loss of earning capacity. It would be highly inequitable, unconscionable, and a travesty on justice to permit a plaintiff within thirty days after he and his medical expert have presented a case of total and permanent dis-

624

ability to a jury and thereon recovered a very substantial verdict to disavow those sworn statements and contentions. The plaintiff by presenting this testimony and vouching it to be true is bound by it for the purposes of this motion. See Wigmore on Evidence, Third Edition, Volume 4, Section 1069 et seq.; Becker v. Philadelphia, 217 Pa. 344, 66 A. 564; Hess v. Vinton Colliery Co., 255 Pa. 78, 99 A. 218, 14 A.L.R. 1.

To permit plaintiff to recover in this action on his claim would, in effect, permit a double recovery for the identical loss of earning capacity. I concur in Judge Goodman's reaction to the exact situation in the Buberl case, supra. I find no factual issue present in this case which would prohibit a summary judgment. Scarano's physical condition at the time he sought reinstatement is immaterial since the defendant had already paid him for permanent or protracted future loss of earning capacity. Certainly, the defendant in refusing reinstatement should be entitled, particularly within such a short period after the trial, to rely upon the testimony presented by the plaintiff that he was totally and permanently disabled from performing any railroad work.

The motion for summary judgment, therefore will be granted.