**In re George Lewis RICE, Debtor.**

**Bankruptcy No. 5–81–00122.**

United States Bankruptcy Court,
M.D. Pennsylvania.

June 7, 1982.

James R. Moyles, Stroudsburg, Pa., for plaintiff.

Albert H. Aston, Jr., Wilkes-Barre, Pa., for defendant-debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Caleb-Haley Co., Inc. (Caleb), a creditor of the above captioned debtor, alleges the debtor's concealment of his interest in two parcels of real property acquired subsequent to the commencement of bankruptcy and his concealment of pre-petition funds which were used as down payments on these properties. Based upon these alleged concealments Caleb has presented the Court with the following three matters which we will now adjudicate: an application to amend the debtor's bankruptcy petition to reflect the debtor's interest in the purportedly concealed property; an objection to the "debtor's list of exempt property on grounds of concealment of assets;" and a request for payment of actual and necessary expenses incurred by Caleb in recover-

ing concealed property for the estate and in prosecuting the debtor for fraudulent concealment of assets.

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 23, 1981. In this petition the debtor listed assets having a total value of $3,500. The first parcel of real property in issue was conveyed to U.S. Terracor, Inc. (Terracor), the employer of the debtor, on March 11, 1981. Caleb contends that the debtor effected the conveyance as president of Terracor. Although it is uncontroverted that the president of Terracor is one Thomas Rue and not the debtor, the debtor alleges that he was given power of attorney to consummate the transaction. The power was not recorded. Caleb alleges that the debtor made the $7,000 down payment on the property with his own funds; the debtor counters this by stating that Terracor's funds were used. The second parcel of real estate was transferred to Terracor by deed dated May 27, 1981. Caleb contends that the debtor consummated this conveyance as president of Terracor through the use of an unrecorded power of attorney. Caleb alleges that the $5,000 down payment on this property was also made with the debtor's personal funds and not those of the corporation. Furthermore, the document creating the mortgage on this property arguably indicates that the debtor is personally obligated on the debt. Excluding the debtor's use of the power of attorney to effect the two conveyances, the debtor was not an officer or shareholder in Terracor at any time relevant to this dispute.

Caleb has filed an application to amend the schedules in the debtor's bankruptcy petition to reflect the two parcels of property the debtor allegedly concealed. Rule 110 of the Bankruptcy Rules, governing the amendment of bankruptcy schedules, states in part that "(t)he Court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended." The types of property constituting the bankruptcy estate which the debtor must list in his bankruptcy schedules are defined in § 541 of the Bankruptcy Code.

As a rule, "the estate is normally comprised only of property and interests therein belonging to the debtor at the time the petition is filed. In general property not then owned but subsequently acquired by the debtor does not become property of the estate" and need not be listed in the debtor's bankruptcy schedules. 4 Collier on Bankruptcy ¶ 541.05 (15th ed. 1979). Exceptions to this rule are found in § 541.

In a case as this a creditor's application to amend the debtor's schedules is properly granted if the debtor concealed or otherwise failed to list property of the estate. In the instant case, Caleb's assertion of the debtor's concealment of property is supported by evidence that the debtor consummated the two transactions with an unrecorded power of attorney and that the debtor personally granted a mortgage to the vendors of one of the parcels of property although the debtor was not an officer or shareholder of Terracor. Although unsupported by any evidence of record, Caleb asserts that the debtor tendered the down payments on the two properties with his own funds and not Terracor's; Caleb contends that the cash and other assets listed in the debtor's petition were insufficient for the debtor to make the down payment and, consequently, the debtor must have possessed undisclosed assets in order to afford these payments. Without substantiation Caleb asserts that the debtor and the vendor of the first parcel executed a contract of sale for the parcel prior to the commencement of bankruptcy.

Assuming the veracity of Caleb's assertion that the debtor acquired a post-petition interest in the two properties, it does not follow that the debtor's interest in these properties belongs to the estate. Since the properties were transferred to the debtor after the commencement of bankruptcy they fall within the general rule quoted above and are not part of the estate unless they are includable under the exceptions to this rule listed in § 541. If Caleb proved its assertion that the debtor had an interest in the properties that was purchased with assets that were properly includable in the

estate, then the properties would be part of the estate. 11 U.S.C. § 541(a)(6). S.Rep. No. 95–989, 95th Cong., 2d Sess. 83 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Nonetheless, Caleb has introduced no evidence on this point. Likewise, Caleb could have prevailed by proving its contention that the debtor had a post-petition interest in the first parcel of property which arose from a contract of sale that was executed prior to the filing of the bankruptcy since such a contract would give the debtor an equitable interest in the first parcel which is properly includable in the estate. § 541(a)(1); *Hess v. Vinton Colliery Co.,* 255 Pa. 78, 99 A. 218 (1916). Caleb failed to present any evidence that such a contract was executed prior to the commencement of bankruptcy. As a result Caleb has introduced no evidence to support its contention that the debtor concealed property of the estate. Consequently, its application to amend the debtor's schedule of property is denied. Caleb's other requests for relief in this action are denied since they are predicated on a finding of the concealment of assets.

This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Bankruptcy Rules.