# Anania et al. *v.* Serenta, Appellant.

*Easements—Deed—Equitable title—Notice.*

1. Where a fee simple title of two pieces of ground is lodged in an owner, and he subjects one to an easement in favor of the other, his legal capacity to do so is undoubted; and the dominant and servient tenements need not be adjoining.

2. The right to convey water from a distant source may be appurtenant to land separated from the source of supply.

3. Where an owner in fee of one tract of land, purchases under articles of agreement another tract, and pays part of the purchase money without taking a deed therefor, he becomes the equitable owner thereof, and acquires such a title that he may impose an easement on the second tract in favor of the first before acquiring by deed a legal title to the second.

4. Where the owner of the two tracts conveys them to another, and such grantee becomes vested with the full legal title in both lots, a purchaser from him will be precluded from raising the question of the original owner's capacity to create the easement.

5. If the easement is of an open and notorious character, such purchaser is charged with notice of it.

6. The law imputes to a purchaser knowledge of facts which he would have acquired by the exercise of ordinary diligence.

7. Notice is unnecessary where the fact is equally within the knowledge of both parties, and it must be considered as such where the sources of information are equally accessible to both.

Argued October 2, 1922. Appeal, No. 106, Oct. T., 1922, by defendant, from decree of C. P. Washington Co., No. 2814, in equity, for plaintiff on bill in equity, in case of Flores Anania and Mary Anania, his wife, and Louis Bardelang v. Dominik Serenta. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before BROWNSON, J. The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned*, inter alia, was decree, quoting it.

*Rufus S. Marriner,* of *Wiley, Marriner & Wiley,* for appellant, cited: Zell v. Universalists Society, 119 Pa. 402; Meek v. Breckenridge, 29 Ohio 642.

*C. L. V. Acheson,* of *Acheson & Crumrine,* with him *Robert E. Burnside,* for appellees, cited: Richter v. Selin, 8 S. & R. 425; Hess v. Vinton Colliery Co., 255 Pa. 78; Siter, James & Co.'s App., 26 Pa. 178; Grace M. E. Church v. Dobbins, 153 Pa. 294; Ormsby v. Pinkerton, 159 Pa. 458; Koons v. McNamee, 6 Pa. Superior Ct. 445; Held v. McBride, 3 Pa. Superior Ct. 155; Liquid Carbonic Co. v. Wallace, 219 Pa. 457; Cannon v. Boyd, 73 Pa. 179; Rhawn v. Furnace Co., 201 Pa. 637.

OPINION BY MR. JUSTICE KEPHART, January 3, 1923:

A became the owner in fee of a lot of ground upon which he erected a hotel building. He afterwards purchased, by articles of agreement, another similar piece of land located a short distance from the hotel. He took possession of this new lot, paying more than one-half the purchase money, erected on it a reservoir connected with a large spring, laid a pipe-line from the reservoir to the hotel to conduct water by gravity for use therein, and, with a slight exception, this use has been continuous since 1912.

A died, and his interest in the reservoir lot purchased under the agreement was sold to B, who afterwards received a deed in fee from the vendors and from the legal representative of A, paying to the former the balance of the purchase money. At the same sale, the hotel lot was sold to C by A's legal representative. B did not interfere with the continued use of the water by C, and apparently recognized his right to it. B sold the reservoir lot to D, who undertook to cut the water off from C and to disconnect the pipes leading to the hotel. C instituted this action to restrain D from interfering with the water supply, claiming an easement had been imposed on the reservoir lot for the benefit of the hotel lot.

The court below found an easement of such notorious character existed as to charge D with notice when he purchased, and, further, he had actual knowledge, from personal observation, of its existence prior to the auction sale to him. An injunction was accordingly granted, from which D has appealed.

Appellant admitted, at the argument, that, had A owned both legal and equitable title in the reservoir lot at the time the reservoir was built and connections made with the hotel lot, he could have subjected the former to an open, visible, permanent and continuous service or easement in favor of the hotel lot. Where a fee simple title is lodged in an owner of two pieces of ground, and he subjects one to an easement in favor of the other, his legal capacity to so do is undoubted. The principle has been announced in many cases: Grace Methodist Episcopal Church v. Dobbins, 153 Pa. 294, 297; Koons v. McNamee, 6 Pa. Superior Ct. 445, 449, opinion by Judge RICE. Nor does it matter that the lots are not contiguous. The dominant and servient tenements need not be adjoining: 19 C. J. 864; Private Road fiom the Lazaretto Road to the River Delaware, 1 Ash. 417, 421. The intervening ground, in the ownership of others, through which the means of the easement's enjoyment passed, will not detract from the easement. The right to convey water from a distant source may be appurtenant to land separated from the source of supply: Cady v. Springfield Waterworks Co., 134 N. Y. 118, 121. As to the contending parties, the intervening ground, in the ownership of others, in which the pipe is laid, may be considered attached to the ownership of the dominant estate for the use to which it is put.

But D asserts that, inasmuch as the easement was created when the legal title to the reservoir lot was outstanding in the vendor, an easement could not be imposed on this lot by A until he had acquired both legal and equitable title. A sufficient answer to this would be that at the time D bought, his vendor, B, had both legal and

equitable title, and sold the land with the burden of the easement attached, the vendor recognizing a subsisting servitude in favor of the hotel lot. As to D, a complete title was in B when he acquired title, and D would ordinarily be precluded from now raising the question of A's lack of capacity to create the easement.

If we assume, as appellant urges, that D may assert any possible right that was in B, as a vendee, to contest A's capacity to create the easement, it places D in no better position. The stability of the so-called easement or right of property depends on the nature and character of A's holdings as they relate to both lots, and the permanent character of the easement and its beneficial enjoyment to the dominant estate. It is admitted this latter estate, or hotel lot, was owned by A in fee. Under the articles he became the equitable owner of the reservoir lot through conversion. The legal title outstanding in the vendor added nothing to the duration of A's grant; it did not lessen the absolute estate thus conveyed, nor circumscribe the possession enjoyed under it. Nor was there introduced a new or additional owner to the lot conveyed, as the vendor was but a trustee of the legal title for the benefit of the vendee, and held it as security for the payment of the balance of the purchase money. The vendor had no interest in the land that might thereafter be encumbered, descend, or be subject to marital rights. His interest was solely in the purchase money for which the vendee was trustee. As the vendee's estate is a freehold, absolute in possession, owned in severalty, descendible to his heirs, and may be aliened or encumbered as land by mortgage or judgment, and subject to curtesy and dower as land, it is not affected by a failure to pay the balance of the purchase price. His estate is encumbered by this balance, collection of which may, it is true, be enforced by retaking the land. It is not necessary, when the full purchase price is paid, to have a deed conveying the legal estate to complete the equitable es-

tate in the vendee. A deed is but a formal acknowledgment of the fee.

Such being the title acquired, the equitable holder had the legal capacity to create the easement. He might deal with the land precisely as though he owned the legal title, subject only to the paramount right of the vendor to force payment of the purchase price: Richter v. Selin, 8 S. & R. 425, 440; Hess v. Vinton Colliery Co., 255 Pa. 78, 83.

We do not consider seriously the doctrine of estoppel attempted to be invoked. The evidence clearly establishes definite knowledge of the beneficial use and permanency of the easement, also its notorious character and the arrangement by which the water was taken from the reservoir to the hotel lot. The law imputes to a purchaser knowledge of facts which he would have acquired by the exercise of ordinary diligence. This imputation rebuts the inference of constructive fraud which might be employed from silence. Notice is unnecessary where the fact is equally within the knowledge of both parties, and it must be considered as such where the sources of information are equally accessible to both: Alexander v. Kerr, 2 Rawle, 83, 89; Wissler v. Hershey, 23 Pa. 333, 338; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637, 643.

Upon thorough consideration of the case, the assignments of error are overruled and the decree of the court below is affirmed; costs to be paid by appellant.