JAMES HANCE AND SUSAN HANCE, HIS WIFE, PROSECUTORS, v. CITY OF NEW BRUNSWICK ET AL., DEFENDANTS.

Submitted May term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Walter H. Bacon, Jr.*

For the defendants, *Thomas H. Hagerty* (*Russell E. Watson,* of counsel).

PER CURIAM.

Prosecutors apply for a writ of *certiorari* to set aside a tax sale of their property in New Brunswick. They are purchasers of the property from one Weller, who in turn was the purchaser from the United States Housing Corporation (an agency of the United States government), under an agreement of sale. The Weller agreement was made on February 11th, 1920, and Weller's interest was purchased by the prosecutors March 27th, 1923. Since the transfer to the prosecutors they have been in possession and enjoying the property, together with the incidental protection afforded by a city government. This contract called for payment of the purchase price in installments, and these installments were paid as they fell due. From 1921 to 1927 the property was assessed for taxes, and the same remaining unpaid, the sale above mentioned resulted.

There is no attack on the regularity of the proceedings incident to the sale, but it is contended that the interest of the prosecutors is not subject to taxation by the city inasmuch as the title to the property still remains in the federal agency, and will continue to so remain until the last installment of the purchase price under the agreement is paid and a deed delivered to the prosecutors.

We find no legal support for this contention. The status of the property for purposes of municipal taxation has been clearly defined by the Supreme Court of the United States in the case of *New Brunswick* v. *United States, 276 U. S. 547,* and it is to the effect that the city may, in so far as federal rights are concerned, "assess the taxes against the purchasers upon the entire value of the lots and enforce collection thereof by sale of their interest in the property." It was further held that such sale could not affect the interest of the Housing Corporation consisting of the unpaid portion of the purchase price, as to which the corporation stood in the relation of a mortgagee.

The situation is therefore that the tax sale effects a transfer of the property to the purchaser, subject to the interest

yet remaining in the Housing Corporation, which interest is not subject to taxation. This results from the immunity of federal property from state taxation, under the federal constitution, and hence a fee is conveyed to the purchasers as required by state laws, subject to the paramount claim held by the Housing Corporation, which in the opinion cited is likened to that of a mortgage.

On meritorious grounds, therefore, the writ of *certiorari* should be denied. It appears, however, by the stipulation of facts submitted in the present case, that this is the fourth attempt to raise this question, either by a like application to this court, or to its indivdual members, all of which applications have been refused. For this additional reason we think the writ should not issue, and it is therefore denied.