## City of Philadelphia v. Myers, Appellant.

Argued March 13, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Alexander Meigs Haig,* and with him *Michael Francis Doyle,* for appellant.—When the Federal Government has sold real estate under articles of

agreement, and retains the legal title thereto for the protection of a monetary interest therein, such real estate is not subject to taxation by municipal authorities: Mint Realty Company v. Philadelphia, 218 Pa. 104; United States v. Milwaukee, 18 Fed. Rep. 108; Clallam County v. U. S. et al., 263 U. S. 341.

*Mayne R. Longstreth,* and with him *Augustus Trask Ashton* and *Theodore F. Jenkins,* for appellee, cited: New Brunswick v. U. S. Housing Corporation, 276 U. S. 547; Richter v. Selin, 8 S. & R. 425; Gheen v. Harris, 170 Pa. 644.

OPINION BY DREW, J., July 8, 1931:

This is an appeal from an order discharging a rule to show cause why a tax lien should not be stricken from the record, and a sheriff's sale thereunder stayed.

The case was presented to the lower court upon petition and answer which show the following essential and uncontroverted facts: In 1918, during the World War, the United States Government purchased a large tract of land in the City of Philadelphia, divided it into smaller parcels, and began thereon the erection of some 680 dwelling houses to be occupied by its employees engaged in war activities. This action was taken under authority of Acts of Congress of May 16, 1918 (40 Stat., 550, C. 74) and June 4, 1918 (40 Stat., 594, C. 92). Title to the land was placed in the United States Housing Corporation of Pennsylvania, said corporation having been organized pursuant to authority given in the above Acts of Congress. The war terminated before the building program was completed and the Federal Government, having no further use for the property, by Act of Congress of July 19, 1919 (41 Stat., 163, 224, C. 24) authorized and directed the Housing Corporation to wind up its affairs and sell the same, with this provision, "That no sale or conveyance shall be made

hereunder on credit without reserving a first lien on such property for the unpaid purchase money.''

On November 1, 1920, the Housing Corporation sold to appellant the premises here involved, No. 2739 South 10th Street, Philadelphia, for the sum of $4,200. The terms of the written contract of sale were the payment of $420 (10% of the purchase price) on the date of the execution of the contract, and the balance in monthly installments of $31 each over a period of approximately 15 years. The contract of sale provided that when 10% of the purchase price ''has thus been paid, the Seller agrees to execute and deliver to said Purchaser a good and sufficient special warranty deed for said property, free from all encumbrances except as herein mentioned, and the Purchaser agrees to execute and deliver to said Seller a note or notes with a good and sufficient mortgage or trust deed for such property to secure payment of the balance of the purchase price in accordance with the terms of this contract.'' It was further provided that, ''......all general taxes and special assessments, or installments therefor, which hereinafter become due and payable, shall be paid by the Purchaser; ........'' Neither of these provisions of the agreement has been carried out. Although 10% of the consideration for the property was paid at the time of the making of the contract of sale, the contemplated exchange of deed and mortgage between the parties has never taken place; and notwithstanding appellant has been in possession of the premises during all this time, he has never paid any of the taxes assessed by the City each year since the date of the contract. The agreement has been, in all other respects, fully complied with, appellant having paid all monthly installments which became due up to the time his petition was filed.

The City of Philadelphia, on December 26, 1929, filed a lien against the property for 1926 City taxes,

issued a scire facias thereon and no defense having been made thereto, obtained judgment and issued a levari facias under which the sheriff was directed to sell the premises in question as the property of appellant, in satisfaction of said lien. The rule to show cause why the lien should not be stricken off was then obtained.

Appellant contends (1) that, inasmuch as he has never received a deed for the property, the legal title thereto is in the Housing Corporation, an agency of the Federal Government and that said property, being owned by the United States Government, is exempted from taxation by the City, and (2) that his interest in the property is an equitable one, and is not taxable in this State.

It is well settled that real estate, title to which is in the United States, is not subject to taxation for state or local purposes: Irwin v. Wright, 258 U. S. 219, and cases there cited. But it is equally well settled, as an exception to this doctrine, that where Congress has prescribed the conditions upon which public lands may be sold, and provides that upon the performance of the conditions a deed shall issue to the purchaser, and all such conditions have been complied with, it only remaining for the government to issue its deed, and it has not excluded him from the use of the property, then the purchaser will be treated as the beneficial owner of the land, and the same shall be subject to taxation as his property: Wisconsin R. R. Co. v. Price County, 133 U. S. 496.

The very question which confronts us here, so far as the United States is concerned, has been definitely settled, and adversely to the contention of this appellant, in the case of New Brunswick v. United States and United States Housing Corporation, 276 U. S. 547. In that case, the United States Housing Corporation made contracts for the sale of lots in the

City of New Brunswick, New Jersey, the terms of which were practically identical with those in the case before us. Said contracts provided that the vendor should execute special warranty deeds for the property upon payment of 10% of the purchase price, and that the purchasers should execute and deliver mortgages on the property to secure the balance of the purchase price. The purchasers paid 10% of the purchase price as agreed, and thus became entitled to deeds, but the Housing Corporation refused to execute the deeds because of a controversy over taxes assessed against the property by the City. Under these facts, the United States Supreme Court held that, if the New Jersey laws permitted, the property was subject to taxation, but that the lien of the United States for the unpaid purchase price was superior to the tax lien because of the provision in the statute authorizing the sale: "That no sale or conveyance shall be made hereunder on credit without reserving a first lien on said property for the unpaid purchase money."

Mr. Justice SANFORD, delivering the opinion of the Court, at page 555 said: "It is unquestioned that so long as the Corporation held title to the lots as an instrumentality of the United States and solely for its use and benefit, they were not subject to taxation by the city: Clallam v. United States, 263 U. S. 341, 344. But after the purchasers had made the payments entitling them to receive deeds to the lots, the Corporation ceased to hold title solely for the United States, and held partly for the purchasers, who had become the equitable owners of the property and entitled to conveyance of the title subject to their obligation to execute mortgages securing the payment of the balance of the purchase price. In equity the situation was then the same as if the Corporation had conveyed title to the purchasers, as owners, and they had mortgaged the lots to the Corporation to secure the un-

paid purchase money. As between the Corporation and the City, the taxability of the lots is to be determined as if both the deeds and the mortgages had been executed; that is, as if the Corporation, while conveying the legal title to the purchasers, had retained a mortgage lien to secure the balance of the purchase price."

This decision of the United States Supreme Court controls and decides the case at bar, so far as the interests of the United States are concerned. The lien here filed for 1926 taxes recited: "All the estate, title and interest of the United States Housing Corporation of Pennsylvania and of the United States of America, if any, is excepted from this lien," and the advertisement of the sheriff's sale gave notice that the property was to be sold, "Subject to interest and lien of the United States and of the United States Housing Corporation," thereby meeting the requirements of the New Brunswick case for the protection of the interest of the United States. Since this decision little weight can be given to the objection of the appellant that the interest of the Federal Government in the property would be lost if the property is sold to secure payment of the taxes.

It therefor remains for us to consider only whether there is anything in the laws of Pennsylvania which would prevent taxation of the property in question. Appellant insists that the property cannot be taxed in this state and relies upon the decision in Mint Realty Co. v. Philadelphia, 218 Pa. 104. In that case the United States Government entered into an agreement with the Mint Realty Co. for the sale of the old Mint site in Philadelphia and the City was restrained from collecting taxes from the purchaser because it was held that the legal title to the property was then in the United States. That case is easily distinguished from the case before us in that in the Mint case the agree-

ment of sale provided that title was not to pass until the last installment of the purchase price was paid, and at the time the tax was levied there remained unpaid $1,750,000 of the purchase price of $2,000,000; whereas, in the present case, the contract provided for the conveyance of title upon payment of 10% of the purchase price, which amount was paid at the time the contract was executed.

In Pennsylvania when a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor of the purchase money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval; because by the contract, he is the owner of the premises, to every intent and purpose, in equity: Richter v. Selin, 8 S. & R. 425; Hess v. Vinton Colliery Co., 255 Pa. 78; Spratt v. Greenfield, 279 Pa. 437. Such vendee is liable for taxes assessed against the property subsequent to the execution of the agreement of sale: Gheen v. Harris, 170 Pa. 644; Mangold v. Isabella Furnace Co., 31 Pa. Superior Ct. 275. The appellant in the present case is therefore to be regarded as the owner of the property here under discussion, and as such liable to pay the taxes liened against the same. He has, moreover, expressly agreed to do so in the contract of sale. He cannot escape this responsibility by virtue of the fact that the Housing Corporation has never tendered him a deed. His equitable estate was complete, without a deed, which is merely a formal acknowledgment of the fee: Anania v. Serenta, 275 Pa. 474.

But appellant argues that an equitable interest in real estate cannot be sold for taxes in this state. This

may be conceded. The answer to this position, however, is that there is no attempt being made in the instant proceedings to sell an equitable interest in real estate. In Mint Realty Co. v. Philadelphia, supra, upon which case appellant relies to support this contention, it is pointed out, at page 112, that: "In this state the rem is taxed, and if a tax sale results from default in the payment of the taxes levied, the title to the rem is sold. It is true that in our state a vendee of land purchased by article of agreement may be assessed for the full taxable value of the land, although he has only paid a portion of the purchase price. Indeed this very frequently happens, but the right to do so is founded on the principle that the tax is against the rem, and it is a matter of no importance whether the tax is assessed in the name of the legal or equitable owner, so long as it is assessed against the whole title to the land." The tax here was not levied against the equitable interest of appellant but against the property itself, and it is the property which will pass to a purchaser at sheriff's sale, subject to the paramount rights of the Federal Government, which cannot be divested.

Since in equity the appellant is the owner of this property "to every intent and purpose," and because equity looks upon that as done which ought to be done, we must regard this case as if the deed and mortgage had actually passed, and that the title is in appellant and the Housing Corporation is the holder of the mortgage for the unpaid purchase price. Considered in this light it is clear that the property is taxable. This is the view of the situation taken by the United States Supreme Court in the New Brunswick case and followed by the Supreme Court of New Jersey (Hance v. New Brunswick, 7 N. J. Misc. Rep. 610; 146 Atl. Rep. 673) notwithstanding it is held in New Jersey that a tax sale effects a transfer of the title to the

property to the purchaser at said sale, discharged of all prior liens and encumbrances whatsoever: Cahill v. Town of Harrison, 87 N. J. Eq. 524.

There is no merit in appellant's objection that the lien is invalid because the Housing Corporation, the registered and assessed owner of the premises in 1926, was neither named in the scire facias nor given notice of the tax proceedings. Had this objection been made by the Housing Corporation, there might be merit in it, but it cannot be of avail when set up by appellant. He was the real owner at the time the tax was levied. This is the determining factor of his liability, and not the name in which the assessment was made: King v. Mt. Vernon Building Ass'n., 106 Pa. 165. As such real owner he was under a duty to register his ownership and when he failed to do so he was left in the same position he would have been if the Registry Acts had not been passed: Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. He was made a party to the record and personally served with the scire facias and this was sufficient to bind his title without regard to who the registered owner was: Philadelphia v. Lukens, 22 Pa. Superior Ct. 298.

In conclusion, the equities of the case are decidedly against appellant. He has been in possession of the premises since 1920, and for more than ten years he has enjoyed all the conveniences and protection a city of the first class has to offer. By the terms of the contract into which he entered, he agreed to pay his proportionate share of the taxes necessary to furnish the City with the means to accord its inhabitants these advantages, and he now seeks by subterfuge to evade meeting this just obligation. This he cannot be permitted to do.

Judgment affirmed.