## Lower Chichester Township v. Lower Chichester School District

*Harold L. Ervin*, for plaintiff.
*Guy G. DeFuria*, for defendant.

FRONEFIELD, P. J., October 20, 1939.—This case raises the question whether the School District of the Township of Lower Chichester may sell its land and buildings at private sale without the approval of the court.

On April 6, 1939, defendant and plaintiff entered into a written agreement, wherein, for one dollar, which was paid, plaintiff agreed to buy from defendant, at private sale, and defendant agreed to sell to plaintiff, a lot of

ground with the buildings thereon erected, situate in the Township of Lower Chichester in Delaware County. . . .

The agreement provides that settlement is to be made in 60 days and "if at any time in the future the township fails to use and maintain the said property for municipal purposes, the title thereto is to revert to the aforesaid school district without any liability on the part of the school district to pay for any expenditures or improvements made by the township".

When the parties signed and delivered the agreement and when the purchase money was paid, the township became the equitable owner of the property and may deal with the land precisely as though it owned the legal title, subject only to the paramount right of the vendor to force payment of the purchase price: Richter v. Selin, 8 S. & R. 425; Hess v. Vinton Colliery Co., 255 Pa. 78, 83; Anania et al. v. Serenta, 275 Pa. 474.

In City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424, 431, it is stated:

"In Pennsylvania when a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate . . . he is the owner of the premises, to every intent and purpose, in equity. . . . His equitable estate was complete, without a deed, which is merely a formal acknowledgment of the fee".

Even though the township purchased and paid for the property prior to the passage of the Act of May 11, 1939, P. L. 117, the school district has withheld the delivery of the deed because of the passage of the said act, which provides in section 602-1 that "The board of school directors of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings . . . At private sale, subject to the approval of the court of common pleas of the county in which the school district is located . . .".

Were it not for the act, the school district would not question the passage of the title of the property on April 6, 1939, but does contend that the act is retrospective and

that the sale should be approved by the court, whereupon the township filed its bill in equity seeking a decree that the school district specifically perform the contract. The school district in its answer admits all the averments of fact in the bill and states that plaintiff is not entitled to specific performance under the agreement because of the Act of 1939, supra, and avers also that a private sale should be made with the approval of the court.

To this answer, plaintiff filed preliminary objections under Pennsylvania Equity Rule 55, stating: (1) Defendant fails to aver any facts that constitute a defense to plaintiff's right to the relief prayed for; (2) that the Act of May 11, 1939, P. L. 117, has no application to the case because the sale was made before its passage; (3) that the Act of 1939 should be construed to have no retrospective effect.

We agree to the correctness of these objections.

In Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187, the plaintiff filed a mechanic's lien for gas fixtures furnished to defendant, under a contract made prior to the Act of June 15, 1897, P. L. 155, which authorizes liens to be filed for such fixtures. Prior to this act, there was no authority to file such a lien. The contract was not fulfilled until after the Act of 1897 was passed. The Supreme Court held that the Act of 1897 did not act retrospectively, stating (p. 191):

" 'Nothing short of the most indubitable phraseology is to convince us that the legislature meant their enactment to have any other than a prospective operation': Dewart v. Purdy, 29 Pa. 113. 'We always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology': Price v. Mott, 52 Pa. 315. . . . 'There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature: Neff's Appeal, 9 Harris, 243' ". See also Dewart v. Purdy,

29 Pa. 113; Philadelphia, etc., R. R., to use, v. Quaker City Flour Mills Co., 282 Pa. 362, 366; United States v. Heth, 7 U. S. 399; Farmers National Bank, etc., v. Berks County Real Estate Co. et al., 333 Pa. 390.

The act does not show that the legislature intended it to act retrospectively. It does provide that it "shall become effective immediately upon final enactment".

We have passed upon only the questions raised by the parties, holding that the Act of 1939 is not retrospective and its requirements do not apply to the case and the title passed at the time the agreement was delivered and the consideration was paid.

It follows that plaintiff is entitled to a decree.