## Kachel Appeal

*Carl A. Wiker,* for appellants.

*Carl G. Herr,* for appellee.

JOHNSTONE, J., October 25, 1963.—This is an appeal by S. Catherine Kachel and Wakefield Bible Church from the refusal of the Board for the Assessment and Revision of Taxes, hereinafter referred to as "board," to exempt from taxation a parcel of real estate in Fulton Township, this county. Preliminary objections have been filed by the board in which it asks that judgment be entered in its favor for the reasons that the individual appellant is not entitled to an exemption under the General County Assessment Law, nor is the church entitled to an exemption, because it is not the legal or equitable owner of the real estate assessed. Argument has been heard by the court en banc, and the case is now before us for disposition.

The real estate in question is situated on the west side of Highway Route 222 in Fulton Township, the record title to which is in the name of S. Catherine Kachel. An agreement was entered into on April 26, 1960, between S. Catherine Kachel and Guy M. Herr, Donald E. Gehron and S. Catherine Kachel, Trustees of Wakefield Bible Church, in which Miss Kachel agreed to sell, and the trustees agreed to purchase, the real estate in question for the consideration of $15,000. No down payment was made, and the trustees agreed to pay the purchase price, together with interest at the rate of five percent per annum, in monthly instalments

of $118.62 for a period of five years, when the remaining balance became due and payable. Under the agreement, the trustees were also to pay to the owner the amount of all taxes levied and assessed, sewer and water rents and all insurance premiums. Immediate possession was given to the trustees, and they were to use the premises for no other purpose than as a church.

The appeal petition does not so state, but it is admitted by the board in its preliminary objections that a church has been erected on the premises in question and that it is used as a regular place of worship. The property is assessed at a valuation of $11,270. Appellants appealed to the board for exemption of the real estate from taxation, but the board decided that the trustees did not hold an equitable title to the real estate and refused to exempt it from taxation.

The General County Assessment Law of May 22, 1933, P. L. 853, sec. 204, as amended, 72 PS §5020-204, provides: "The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: (a) All churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same . . ."

The foregoing exemptions are subject to the exception in section 5020–204(1) which states: "Except as otherwise provided in clause (j) of this section, all property, real and personal, in actual use and occupation for the purpose specified in this section shall be subject to taxation, unless the person or persons, associations or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely."

It is apparent that since Miss Kachel has given possession of the premises to the trustees under the agreement, she does not have possession herself and, there-

fore, does not qualify for exemption from taxation under the exception in section 5020–204(1). The legal title to the real estate is in Miss Kachel, since she had not conveyed the premises to the trustees at the time of the appeal. Being in possession of the real estate and admittedly using the church erected thereon as a regular place of worship but not holding the legal title, an exemption can only be granted if the trustees are seized of the equitable title in the realty. The question that must be answered in order to decide this case is, did the agreement between Miss Kachel and the trustees have the effect of transferring the equitable title to the real estate in question to the trustees? If it did, then the land and improvements are exempt from taxation. Otherwise, the real estate is subject to tax.

An exemption from taxation must be clearly established: Ogontz School District Exemption Case, 361 Pa. 284, 313. " 'The claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it' ": Dougherty v. Philadelphia, 314 Pa. 298, 301. A strict construction will be placed on any provision exempting persons or property from taxation: McGuire v. Pittsburgh School District, 359 Pa. 602, 604. The foregoing principles were affirmed in Commonwealth v. 2101 Cooperative, Inc., 408 Pa. 24.

In Baltimore & Ohio Railroad Appeal, 405 Pa. 349, where the legal or record title was in the Commonwealth, the court upheld a tax assessment against the railroad because it was the equitable or real owner of the land. The court stated, at page 354.

"The General County Assessment Law of May 22, 1933, P. L. 853, as amended, 72 PS §5020–201 et seq., is the statutory basis for the assessment of all real estate subject to taxation. There is nothing contained therein that requires that real estate taxes be levied only against the recorded owner of the fee. In general,

taxes are determined by ownership. It has long been the policy of the law that the real owner should be taxed. No. Phila. Trust Co. v. Heinel Bros., Inc., 315 Pa. 385, 172 Atl. 692 (1934). The actual owner, who is not the record owner, may be assessed unless exempt from taxation: Pennsylvania Stave Company's Appeal, 236 Pa. 97, 84 Atl. 761 (1912) and Bemis v. Shipe, 26 Pa. Superior Ct. 42 (1904). The actual owner of the realty, whether registered or not, is liable for the taxes: Fidelity-Phila. Trust Co. v. Land Title Bank and Trust Co., 326 Pa. 262, 192 Atl. 121 (1937). The right of the taxing authority to collect unpaid taxes from the registered owner is not exclusive and may be exercised against the real or beneficial owner: No. Phila. Trust Co. v. Heinel Bros., Inc., supra, and Pennsylvania Co. v. Bergson, 307 Pa. 44, 159 Atl. 32 (1932). Also, an equitable interest in real estate is subject to taxation: City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424, 157 Atl. 13, (1931). In the case of a contract for the conveyance of land, the burden of taxation as between the parties follows possession or the right thereto: U. S. v. Certain Parcels of Land in Phila., 130 F. 2d 782 (1942)."

In Allardice v. McCain, 375 Pa. 528, the court held the purchasers under an agreement of sale to be the equitable owners once the agreement became mutually binding on both parties. "After a contract for the sale of real estate is duly executed, the purchaser is the equitable owner thereof, entitled to all advantages that may thereafter arise, and responsible for all loss that may befall it": Synes Appeal, 401 Pa. 387, 391. Relief was denied in that case because it was determined appellant had only an option to purchase and not a binding agreement of sale.

"A binding contract for sale and purchase of lands vests an equitable title thereto in the purchaser. 'When a part of the purchase-money is paid, the interest of the

purchaser in the land is not circumscribed by the extent of the money paid, but embraces the entire value of the land over and above the purchase-money due. He is treated as the owner of the whole estate, encumbered only by the purchase-money': Siter, James & Co.'s Appeal, 26 Pa. 178, 180; Richter v. Selin, 8 S. & R., 425, 440": Butler County Commissioners' Petition, 141 Pa. Superior Ct. 597, 601. To the same effect see Anania v. Serenta, 275 Pa. 474.

Both parties have cited City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424 in support of their respective positions. In that case, Myers had purchased a house and lot from an agency of the Federal government on the instalment plan and had paid according to the agreement and was entitled to have the real estate conveyed to him subject to a mortgage. In holding the land taxable as the property of Myers, the court stated at page 431:

"In Pennsylvania when a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor of the purchase money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval; because by the contract, he is the owner of the premises, to every intent and purpose, in equity: Richter v. Selin, 8 S. & R., 425; Hess v. Vinton Colliery Co., 255 Pa. 78; Spratt v. Greenfield, 279 Pa. 437. Such vendee is liable for taxes assessed against the property subsequent to the execution of the agreement of sale. Gheen v. Harris, 170 Pa. 644; Mangold v. Isabella Furnace Co., 31 Pa. Superior Ct. 275."

The board argues that the trustees did not acquire an equitable title upon the signing of the agreement

and will not acquire such a title until they are in a position to demand a deed, which is five years after the date of the agreement. This position is not in accord with the cases cited herein, provided there is a binding agreement of sale between the parties. A look at the agreement discloses that the "Seller agrees to sell to Buyer, and Buyer agrees to purchase" the described real estate on certain terms and conditions. One condition is that the buyer agrees to pay to the seller $15,000 together with interest at five percent, in monthly instalments of $118.62, beginning one month after date and continuing for five years, when the balance is due and payable, if not sooner paid. After setting forth certain conditions, the agreement provides that when the purchase price and all interest is paid, and all other conditions are complied with, the seller will deliver to the buyer a special warranty deed.

In our opinion, this is a binding agreement of sale, which could not be avoided by either party so long as the terms of the agreement were complied with. Only one thing separates the legal and equitable titles and that is the payment of the purchase price. Upon payment of the purchase price, the trustees are entitled to receive a deed. As was stated in City of Philadelphia v. Myers, supra, Miss Kachel is trustee of the legal title for the buyer, and the trustees are trustees of the purchase price for Miss Kachel. The interest of the purchaser is not determined by what portion of the purchase price has been paid. As long as any part of the purchase price is paid under a binding contract of sale and purchase of land, the purchaser is the equitable owner of the whole estate, subject only to payment of the balance of the purchase price: Richter v. Selin, supra.

We conclude that the trustees are seized of an equitable title to the real estate in question and as such own-

ers are entitled to exemption from the payment of real estate taxes.

And now, October 25, 1963, the appeal of S. Catherine Kachel is dismissed, but the appeal of the Trustees of Wakefield Bible Church is sustained and the Board for the 'Assessment and Revision of Taxes for Lancaster County, Pa., is directed to exempt from taxation the real estate owned and occupied by the Wakefield Bible Church.