## May Tax Assessment Appeal

*Arnold, Bricker, Beyer & Barnes,* for appellants.
*Carl G. Herr,* contra.

JOHNSTONE, J., October 22, 1965.—According to the stipulation of appellants and the Board for the Assessment and Revision of Taxes of Lancaster County, appellants were on June 1, 1964, the owners of the premises known as 508 South Queen Street, Lancaster, Pa. On that date, they entered into an agreement with Roy E. Carson and Iris L. Carson, under the terms of which

appellants agreed to sell, and the Carsons agreed to buy, said real estate for the consideration of $8,000. The agreement was recorded in the Recorder's Office of Lancaster County on the same date, and is to be found in deed book Q, vol. 53, page 314.

The full consideration was to be paid in consecutive monthly installments of $65 beginning June 3, 1964, and continuing for 36 months, without interest. After 36 months, if no breach of the agreement had been committed, the buyers were to pay the balance of $5,660, and appellants agreed to deliver to the buyers a special warranty deed for the premises. While title to the premises was to remain in appellants until delivery of a deed, possession of the premises was immediately delivered to the Carsons.

On December 31, 1964, a balance of $7,545 remained due and unpaid under the installment purchase agreement. An assessment for personal property tax was levied against appellants on the unpaid balance due under the agreement. This is an appeal from that assessment.

The effect of the agreement in question was to transfer the equitable title in the premises to the Carsons and to make appellants trustees of the legal title: Baltimore & Ohio Railroad Appeal, 405 Pa. 349; Allardice v. McCain, 375 Pa. 528; City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424; Fulton Township Assessment Case, 59 Lanc. 67. The legal question before us is: Is the balance due under the agreement subject to the county personal property tax?

The Act of June 17, 1913, P. L. 507, sec. 1, as most recently amended by the Act of July 25, 1963, P. L. 294, sec. 1 ,72 PS §4821, is authority for the levying of personal property tax. The act provides:

"All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . is hereby made taxable annually for county pur-

poses, . . . at the rate of four mills of each dollar of the value thereof, . . . , that is to say, . . . ; all articles of agreement and accounts bearing interest".

It would appear that since the agreement in question specifically provides that the consideration is to be paid in installments without interest, the unpaid balance does not come within the purview of the act levying a tax on articles of agreement bearing interest, and the present appeal should be sustained. It is to be noted that all of the classes of personal property made subject to the four mills tax are income producing obligations, including articles of agreement when interest is payable. The agreement before us is obviously not intended to be income producing, and there is no evidence to the effect that the consideration included interest, as in some financing arrangements.

The board, appellee, urges upon us the proposition that the agreement represents a long-term debt which the legislature intended to be taxable the same as other obligations for the payment of money. It is true that the agreement does provide for the payment of a debt by installments over a long period of time, and that in this respect, it is like unto a mortgage. If title had been passed to the purchasers, and a purchase money mortgage taken back to secure payment of the purchase price, such a mortgage would have been taxable, even though no interest was payable, since "all mortgages" are included in the classes subject to the tax.

The board argues that appellants should not be permitted to circumvent the act by raising the purchase price so as to include interest and then provide for payment of the total sum without interest. With this argument we agree, and if there was any evidence to show that this had been done in the present case, we would not hesitate to hold the agreement taxable. However, the fact that such agreements usually provide for the payment of interest does not mean that under no cir-

cumstances can an honest agreement be entered into where no interest is actually payable.

Most articles of agreement for the sale and purchase of real estate provide for the payment of the purchase price and the transfer of possession in a matter of months, and rarely do they provide for the payment of interest. It was obviously the intention of the legislature to exclude such agreements from taxation. Ordinarily, when articles of agreement provide for the payment of the purchase price in installments over a much longer period of time, they also provide for the payment of interest on the unpaid balance. Such agreements the legislature obviously intended to be taxable. The agreement before us differs from the usual and ordinary, in that it specifically provides for the payment of no interest.

The only case called to our attention, and we have been unable to find any in point, is the case of Arbuckle's Estate, 324 Pa. 501. In that case, the installment payments on the purchase of a deceased partner's interest in the partnership which, after two years, was to be paid without interest, was held to be excluded from the act in question here. The court also applied the well-recognized principles that a tax cannot be collected in the absence of a provision clearly imposing it upon the class to which the taxpayer or his property belongs and that tax laws are to be construed most strictly against the taxing authority and most favorably to the taxpayer.

We conclude that articles of agreement which provide for the payment of the purchase price in installments without interest, where interest is not included as a part of the total sum to be paid, are not subject to the four mills personal property tax. We are aware of the fact that unscrupulous persons with the intent of avoiding the tax could increase the purchase price sufficiently to include interest, and then provide in the

agreement that no interest is payable, and that such a course of conduct might be extremely difficult to prove on the part of the taxing authority. However, the legislature could readily make "All articles of agreement for the sale and purchase of real estate providing for payment of the purchase price by installments" taxable just as "all mortgages" are now taxed.

And now, October 22, 1965, the appeal from the assessment of the four mills personal property tax on the balance due under the agreement of sale between appellants and Roy E. Carson and Iris L. Carson is sustained, and the assessment is rescinded.