## The Pennsylvania Railroad Company v. Victory Glass, Inc.

*Smith, Best & Horn,* for plaintiff.

*R. Herbert Buchman,* for defendants.

KEIM, J., November 14, 1966.—This case comes before the court en banc on defendants' preliminary objections in the nature of a demurrer to plaintiff's complaint in assumpsit.

On March 24, 1961, an employe of plaintiff Pennsylvania Railroad Company, Martin F. Heaps, was injured when the ground along the Pennsylvania Railroad siding near the plant of Victory Glass, Inc., gave way under his feet. Plaintiff railroad paid a total of $23,115.65 to Mr. Heaps as a result of the injuries he sustained in this accident. The present complaint in assumpsit was instituted against defendants to recover one half of the amount paid to Mr. Heaps under the theory that an agreement dated July 27, 1927, between plaintiff and a company called Victory Glass Company provided to indemnify and hold harmless plaintiff for any injuries sustained on this siding.

The Victory Glass Company, one of the parties to the agreement, was a corporation organized and existing under the laws of this Commonwealth and is admittedly a separate and distinct entity from corporate defendants in this action. Defendant Victory Glass, Inc., as evidenced by sheriff's deed dated February 3, 1937, purchased one of the assets of the Victory Glass Company, namely, the portion of real estate on which the railroad siding was and presently is located. Defendant J. H. Millstein Company, a Pennsylvania corporation, is a subsidiary of Victory Glass, Inc., and both defendants have utilized this railroad siding since they came into possession of same.

It must be noted that in the final settlement of the original negligence action against the railroad company, the Pennsylvania Railroad obtained a release from Mr. Heaps releasing both J. H. Millstein and the

Victory Glass Company. Plaintiff pleaded that the release of Victory Glass Company was an error and misnomer, and the release should have run in favor of Victory Glass, Inc. The party to the alleged agreement, Victory Glass Company, was not made a defendant in this action; nor is it clear whether or not this corporation is still in existence.

Plaintiff contends that upon a motion in the nature of a demurrer, the court must accept as true all the facts well pleaded. The court readily accepts the argument of plaintiff; however, nowhere in the complaint does it allege any privity of contract between Victory Glass Company and defendants in this action. There are no allegations, either in the complaint or amended complaint, that defendants had knowledge of the existence of the unrecorded indemnity agreement between plaintiff and Victory Glass Company. The rationale upon which plaintiff's argument is based rests on their assertion that in the absence of actual knowledge of the existence of the agreement, defendant should be charged with notice, inasmuch as a reasonable investigation of the property purchased at the sheriff's sale would have revealed this circumstance of the easement. The court also agrees with plaintiff's contention in this respect, and it has been well established in this Commonwealth that the purchaser for value is not only charged with all encumbrances and easements of record, but also all facts which become readily apparent upon a reasonable inspection of such property. The law imputes to a purchaser knowledge of facts concerning the existence of an easement which he should have acquired by the exercise of ordinary diligence: Anania v. Serenta, 275 Pa. 474 (1923).

It is also well settled that the one who purchases land subject to an easement or with notice that it is burdened with an existing easement takes the land subject to the easement, irrespective of whether the sale is

voluntary or involuntary; however, this court can find no appellate decision binding a purchaser with constructive knowledge of an unrecorded agreement between a vendor and the holder of an easement when such agreement in no way is appurtenant to the land or dominant hereditament.

Plaintiff's argument that the law imputes a duty upon the purchaser to perform all the obligations and conditions of this agreement is without merit. On the contrary, it may well be argued that plaintiff, upon knowledge of a change of ownership of the land upon which it has an easement, should put the new owner on notice of all the terms and conditions connected with the use and maintenance of the easement.

For these reasons, the court feels that there existed no privity of contract between plaintiff and defendants and cannot find a breach of a legal duty which would grant the relief sought for by plaintiff and must sustain the preliminary objections of both defendants.

### ORDER

And now, to wit, November 14, 1966, for reasons set forth in the above opinion, the preliminary objections in the nature of a demurrer to dismiss the complaint for failure to set forth a cause of action are hereby sustained, and the complaint in assumpsit is dismissed without prejudice.