## In re Guzikowski

*John J. Kerrigan, Jr.,* for appellants.
*Marvin L. Portney,* for Board of Assessment.

BECKERT, *J.*, November 29, 1976 — Appellants, Henry M. and Irene Marie Guzikowski, have taken a timely appeal from the order of the 'Bucks County Board of Assessment and Revision of Taxes (Board) denying appellants' preferential assessment under the Pennsylvania Farmland and Forest Land Assessment Act of December 19, 1974, P.L. 973 (No. 319), sec. 1 et seq., 72 P.S. §§5490.1 - 5490.13 (hereinafter referred to as Act 319).

The factual background is not disputed and has been stipulated to between the parties. For the purposes of this opinion, the stipulation reveals the following relevant facts.

Appellants in June of 1975, made application to the board for preferential treatment of their lands under the above act. The three tax parcels comprised some 78.99 acres. The parties do not dispute that this land qualifies under section 3 of Act 319. At the time the application was filed (the act requires filing on or before July 1st of the year immediately preceding the tax year), appellants and MacSwan Company informed the board that prior to January 1, 1976 (the effective date of the assessment if the land was approved for preferential treatment) MacSwan would own approximately 20.5 acres of the 47.23 acres of tax parcel 20-34-75 and appellants would retain owner-

ship of the remainder of the subject property. The above was evident for at the time of the application the 20.5 acres of tax parcel 20-34-75 were under agreement of sale to MacSwan Company and the sale in fact was consummated on December 24, 1975, the deed, however, not being recorded in the office of the recorder of deeds for this county until some time during the month of January 1976.

When the above facts were brought to the attention of the board's staff, appellants and MacSwan were informed that the Guzikowskis would have to apply for the entire three parcels in their name because at the time of the application the Guzikowskis were the "owners" of the property. Later, on October 7, 1975, the board denied applicants' request for Act 319 treatment, the board finding the transfer to MacSwan violated the covenant set forth in the act, namely, that the total parcel of land transferred shall not exceed ten acres — section 6(b). The board placed appellants' land back into Act 319 preferential assessment and included therein the parcel that was to be conveyed and was, in fact, conveyed on December 24, 1975 to MacSwan Company. It is presently the board's position that the conveyance of the approximate 20.5 acres to MacSwan Company between the filing of the initial application and the effective date of the assessment constituted a breach of Act 319. The board argues that the language in section 4(b) of the act clearly indicates that the qualification of the property for preferential assessment under Act 319 is determined as of the date of the initial application, that is, prior to July 1st and the qualifications for preferential assessment are not determined as of January 1st: thus, concludes the

board, because there was a change constituting a breach of Act 319 between the time the initial application was filed and the effective date of the assessment, the subject property was not qualified for preferential treatment.

We fully realize the practical problems that confront the board and assume that the deadline filing date of July 1st is for the purpose that the assessment books for the county as a whole close on August 1st and after August 1st all records must be compiled to produce the tax duplicates for the entire county. However, we find that the board could have and had the legal authority to treat the application of the Guzikowskis in different fashion and to consider appellants' request for preferential treatment of their land alone, excluding therefrom the land that was subject to the agreement of sale to MacSwan Company as vendee. There is nothing in the act that we can see that requires that preferential treatment be given only to record owners of the fee. In general, taxes are determined by ownership and normally the real owners should be the ones taxed: North Philadelphia Trust Company v. Heinel Brothers, Inc., 315 Pa. 385, 172 Atl. 692 (1934). But, an equitable interest in real estate is subject to taxation: City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424, 157 Atl. 13 (1931); Baltimore & Ohio Railroad Appeal, 405 Pa. 349, 175 A.2d 841 (1961); and in the case of an executed agreement of sale for the conveyance of land, the burden of taxation as between the parties follows possession or right thereto: U.S. v. Certain Parcels of Land in Philadelphia, Pa., 130 F. 2d 782 (3rd Cir. 1942). If equitable interest in land is subject to taxation, why should it not also be subject to preferential treatment under Act 319?

It is basic law that after a contract for the sale of real estate is duly executed, the purchaser is the equitable owner thereof, entitled to all advantages that may thereafter arise, and responsible for all losses which may follow: Allardice v. McCain, 375 Pa. 528, 101 A.2d 385 (1953). A binding contract for sale and purchase of lands vests an equitable title thereto in the purchaser and the purchaser is treated as the owner of the whole estate, encumbered only by the purchase money: Siter, James & Co.'s Appeal, 26 Pa. 178, 180 (1856); Richter v. Selin, 8 S. & R. 425, 440 (1822). In this Commonwealth, when a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor of the purchase money. So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval, because by the contract, he is the owner of the premises to every intent and purpose in equity: Richter v. Selin, supra; Hess v. Vinton Colliery Co., 255 Pa. 78, 99 Atl. 218 (1916); Spratt v. Greenfield et al., 279 Pa. 437, 134 Atl. 126 (1924).

The parties have stipulated that there was a binding agreement of sale which could not be avoided by either side so long as the terms of the agreement were complied with. The only thing that separated the legal and equitable title was the payment of the balance of the purchase price. Upon the payment of the purchase price, MacSwan Company was entitled to receive a deed.

Having concluded that MacSwan Company was

622

the equitable owner and, therefore, possibly entitled to the benefit of preferential treatment under Act 319, we must next logically conclude that as the appellants made the fact of the agreement of sale known to the Board at the time of their application in June of 1975, this application only went to the lands to which they still retained both legal and equitable title, i.e., the 58.49 acres remaining after the agreement of sale had divested them of 20.5 acres of their original 78.99 acre holdings.

Accordingly, we enter the following

## ORDER

And now, November 29, 1976, the appeal of Henry M. Guzikowski and Irene Marie Guzikowski is sustained. It is ordered and directed that tax parcel numbers 20-34-83, 20-34-62 and 26.73 acres of 20-34-75 are to receive preferential assessments as prescribed by Act 319 for the tax year commencing January 1, 1976.